UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 1:22-cv-01822-JMS-CSW |
| vs. | ) ) | |
| CARL E. MOST & SON, INC., DENISON, INC., DENISON PARKING, INC., and INDIANA INSURANCE COMPANY, | ) ) ) ) | |
| *Defendants*. | ) ) | |

## ORDER

Defendants Denison, Inc. and Denison Parking, Inc. (collectively, "Denison"), who are also Cross-Claimants and Counter-Claimants in this action, have filed a Motion for Reconsideration relating to a portion of the Court's June 24, 2024 Order, [Filing No. 177], ruling on its Cross-Motion for Summary Judgment, [Filing No. 152], on Plaintiff Harleysville Lake States Insurance Company's ("Harleysville") Motion for Summary Judgment, [Filing No. 131], and on Defendant Indiana Insurance Company's ("Indiana Insurance") Motion for Summary Judgment, [Filing No. 130]. The Motion is now ripe for the Court's Consideration. [Filing No. 185.]

## I.
### BACKGROUND

The following is a condensed background of the case relevant to the pending motion and is derived from the Court's June 24, 2024 Order. [*See* Filing No. 177.]

From 1992 to 2013, Defendant Carl E. Most & Son, Inc. ("Most") provided inspection, repair, and maintenance services to Denison related to parking garages owned by Denison. After a dispute arose regarding damage to a garage owned by Denison, Denison sued Most in Marion

1

Superior Court ("the Underlying Action") and ultimately obtained a jury verdict in its favor, but only on one of its claims. Harleysville and Indiana Insurance (collectively, the "Insurers") were commercial general liability insurers of Most. Harleysville insured Most from June 2001 through June 2008, and Indiana Insurance insured Most from June 2008 through June 2018. Both Insurers defended Most in the Underlying Action pursuant to reservations of rights.

Shortly before the Underlying Action proceeded to trial, Harleysville initiated this declaratory judgment litigation against Most, Denison, and Indiana Insurance, regarding its duty to indemnify Most in connection with the Underlying Action. [Filing No. 1; Filing No. 110; Filing No. 111.] Indiana Insurance filed a declaratory judgment counterclaim against Harleysville and crossclaims against Most and Denison seeking the same relief as Harleysville. [Filing No. 25.] Denison filed counterclaims against Harleysville and crossclaims against Indiana Insurance also seeking a declaratory judgment and alleging breach of contract. [Filing No. 29; Filing No. 120.] Most filed a counterclaim against Harleysville for breach of contract. [Filing No. 70.] All parties except for Most filed Motions for Summary Judgment, which the Court ruled on in its June 24, 2024 Order. [Filing No. 130; Filing No. 131; Filing No. 152; Filing No. 177.]

At a high level, the following is a summary of the Court's main rulings from the June 24, 2024 Order on the Motions for Summary Judgment:

- Relating to the Motions involving Harleysville's liability, the Court found that Harleysville had no obligation to provide coverage under its Policies, thereby ending its participation in this lawsuit on all claims (declaratory judgment and breach of contract). [Filing No. 177.]

- Relating to the Motions involving Indiana Insurance's liability:

  o With respect to declaratory judgment, the Court found that there were triable issues of fact regarding whether all three requirements of its Policies were met and coverage was triggered, thereby leaving the parties' declaratory judgment claims for trial. [Filing No. 177.]

▪ Specifically, the Indiana Insurance Policies set forth three requirements that must be met before coverage is triggered: (1) the property damage is "caused by an 'occurrence' that takes place in the coverage territory"; (2) the property damage "occurs during the policy period"; and (3) the insured did not did not know that the property damage had occurred, in whole or in part (this requirement is known as the "Known Claim Exclusion"). *See Indiana Ins. Co. v. Kopetsky*, 14 N.E.3d 850, 852-53 (Ind. Ct. App. 2014) (describing the third requirement as the Known Claim Exclusion). [Filing No. 177 at 24.]

▪ The Court found the following with respect to each of the three requirements: (1) it is a triable issue of fact whether the Underlying Action constitutes an "occurrence" under the Indiana Insurance Policies; (2) property damage did occur during some of the earlier Indiana Insurance Policies but it remains an open issue whether property damage occurred after a certain point; and (3) the Known Claim Exclusion bars coverage under the last Policy issued by Indiana Insurance. [Filing No. 177.]

o With respect to Denison's breach of contract theory, the Court found that Denison could not assert such a claim against Indiana Insurance and dismissed that claim. [Filing No. 177.]

Denison has filed a Motion for Reconsideration, which is narrow and attacks only the Court's finding that it cannot assert a breach of contract claim against Indiana Insurance. [Filing No. 185; Filing No. 186.]

## II.
### STANDARD OF REVIEW

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citation omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). A motion for

reconsideration may be granted where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (citation omitted).

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 Fed. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270. Arguments that the district court has already considered and rejected, and any contention that the district court "was in error on the issues it already considered[,] should be directed to the court of appeals," not raised in a motion for reconsideration. *United States v. ITT Educ. Servs., Inc.*, 2012 WL 266943, at *8 (S.D. Ind. Jan. 30, 2012).

### III.
#### DISCUSSION

In its Motion, Denison asserts two main arguments: (1) that it argued on summary judgment that the language of Indiana Insurance's Policies explicitly allows it to assert a breach of contract claim, but the Court did not address that argument; and (2) that the Court misapplied controlling common law precedent regarding its ability to assert a breach of contract claim. [Filing No. 186.] The Court addresses each argument in turn.

### A.    Policy Language

Denison argues that, "[a]s Most's judgment creditor, [it] has the express right under [Indiana Insurance's Policies] to bring a breach of contract claim against [it]," which "the Court did not discuss . . . or explain why it would not apply" in the June 24, 2024 Order. [Filing No. 168 at 7.]  It argues that the "clear and unambiguous policy language"—a "person or organization may sue us to recover on an agreement settlement or on a final judgment against an insured"—confirms Denison's right to sue on a breach of contract theory and "should be given its plain, ordinary meaning." [Filing No. 186 at 6 (citing Filing No. 153 at 23 and Filing No. 25-1 at 228) (quoting *Erie Indem. Co. v. Est. of Harris*, 99 N.E.3d 625, 630 (Ind. 2018)).]  It asserts that "[t]he Court's disregard of controlling policy language expressly authorizing Denison's breach of contract claim warrants reconsideration." [Filing No. 186 at 8.]

In response, Indiana Insurance argues that Denison's argument regarding the policy language is "a new and novel argument" that was not asserted by Denison in its brief in support of its Cross-Motion for Summary Judgment. [Filing No. 190 at 4-5.]  It therefore argues that the Court should not consider Denison's argument as the argument does not fall within the limited function of a motion for reconsideration, which is to correct manifest errors of law or fact or present newly discovered evidence. [Filing No. 190 at 4-5.]

In reply, Denison argues that "Indiana Insurance's flatly wrong contention that Denison's policy language argument is 'new and novel' can be disproven and summarily rejected simply by looking at" Denison's brief in support of its Motion for Reconsideration, which quotes the argument directly from its summary judgment brief. [Filing No. 191 at 5.]  It then attaches the following screenshot from its summary judgment brief to highlight its argument:

Indiana that once a party has obtained a judgment against the insured, that party may bring a breach of contract claim directly against the carrier to enforce the indemnity provision of the policy. *Cromer v. Sefton*, 471 N.E.2d 700, 703 (Ind. Ct. App. 1984) ("a successful personal injury plaintiff can bring an action against the liability carrier if it refuses to honor its contract."); *cf. Cain v. Griffin*, 849 N.E.2d 507, 515 (Ind. 2006) (holding that an injured party could sue an insurer directly even without securing a judgment against the insured because the injured party was a third-party beneficiary of the insurance contract).

That is so because the judgment creditor "'stands in the legal shoes' of the insured," and may assert the insured's full rights under the insurance policies. *Wolverine Mut. Ins. v. Vance ex rel. Tinsley*, 325 F.3d 939, 944 (7th Cir. 2003) ("Indiana is not a 'direct action' state, meaning that an injured third party may not bring a direct action against a wrongdoer's liability insurer *until he first obtains a judgment against the insured*." (emphasis added)). The Policies acknowledge this reality, stating that "[a] person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured[.]" [Filing No. 25-1 at 228.]

[Filing No. 191 at 7.]

As partly shown directly above, Denison's argument regarding the Policies' language was a one-sentence assertion at the end of a paragraph discussing caselaw that provides that a judgment creditor "'stands in the legal shoes' of the insured," which was part of a three-paragraph section (not shown above) titled "Denison, as Most's judgment creditor, has standing to sue [Indiana Insurance] for breach of contract." [Filing No. 153 at 22-23.] In its June 24, 2024 Order on the parties' Motions for Summary Judgment, the Court acknowledged that with respect to Denison's breach of contract claim, Denison argued that the language of the Indiana Insurance Policies supported its claim, [Filing No. 177 at 61 ("It argues that the Policies' language supports it

argument.")], but in its analysis, the Court did not directly discuss or apply this language or argument, [*see* Filing No. 177 at 62-63].  Rather, the Court's analysis focused on the parties' other arguments and authorities and rejected Denison's argument regarding *Wolverine Mut. Ins. v. Vance ex rel. Tinsley*, 325 F.3d 939 (7th Cir. 2003), finding that the case did not support Denison's argument because the "claimant seeking coverage in that case filed only a declaratory judgment action, not an additional breach of contract claim, like here."  [*See* Filing No. 177 at 62-63 (citing *Vance ex rel. Tinsley*, 325 F.3d at 941, 944).]

The Court now understands Denison's one-sentence argument regarding the language of the Policies to be an argument independent of its argument regarding the caselaw that purportedly supported its position.  Despite Indiana Insurance's argument to the contrary, it is clear, as shown by the screenshot, that Denison's argument is not "new and novel."  What it is, however, is a fleeting and sparse argument lacking citation to legal authority, especially when viewed in connection with how the argument is presented by Denison in its Motion for Reconsideration. While it is an extremely close call on whether such a fleeting argument is waived, *see, e.g., Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 704 (7th Cir. 2022) ("Seventh Circuit precedent is clear that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived.") (internal quotations and citation omitted); *Johnson v. Bellwood Sch. Dist. 88, No. 14 C 10498,* 2016 WL 3476660, at *6 (N.D. Ill. June 27, 2016) (undeveloped, conclusory, or legally unsupported arguments are deemed waived) (citing *C & N Corp. v. Gregory Kane & Ill. River Winery, Inc.,* 756 F.3d 1024, 1026 (7th Cir. 2014)), the Court finds that Denison's argument— by the skin of its teeth—was not waived and that the Court should have addressed it as an independent argument.  The Court does so now.

The Indiana Insurance Policies provide that "[a] person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance." [*See* Filing No. 25-1 at 228.]  Notably, Denison only quoted the first half of the sentence in its summary judgment brief and its brief in support of its Motion for Reconsideration.

When considering Denison's argument appropriately, the Court finds that the plain language of the Policies does indeed provide that Denison, as the recipient of a final judgment in the Underlying Action against Most, can sue Indiana Insurance on a breach of contract claim, but only to the extent that the final judgment falls within the Policies' Coverage Part, as explicitly stated by the second half of the sentence.  [*See* Filing No. 25-1 at 228 ("but we will not be liable for damages that are not payable under the terms of this Coverage Part").]  Further supporting this finding that the Policy allows this claim is that in Indiana Insurance's summary judgment reply brief, it "agree[d] that as a judgment creditor, Denison can bring an action against Indiana [Insurance] if [it] refuse[s] to honor [its] contract[ ]." [Filing No. 166 at 18.]  This acknowledgment signals an understanding on behalf of Indiana Insurance that Denison's breach of contract claim can be asserted in this case to the extent that the final judgment in the Underlying Action is ultimately found to be covered under the Policies.

To be clear, however, this finding does not produce an immediate result for Denison on the claim or ensure that it will recover all of the damages it seeks.  Whether the final judgment is covered under the Policies is a question for the jury, as reflected in the Court's June 24, 2024 Order and not argued as error here.  [*See* Filing No. 177 at 41-57.]  Simply put, this reconsideration does not change the fact that the Underlying Action did not provide an answer as to coverage under the

Policies.  [*See* Filing No. 177.]  Moreover, the Court notes that, significantly, the Policy language granting the right to sue for a final judgment against an insured qualifies Indiana Insurance's liability— "[a] person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; *but we will not be liable for damages that are not payable under the terms of this Coverage Part* or that are in excess of the applicable limit of insurance."  [Filing No. 25-1 at 228.]  In other words, Indiana Insurance's Policies do not allow for the recovery of damages that are not payable under a provision in the Coverage Part of the Policies.  Therefore, any damages sought under the reinstated breach of contract claim must be derived from a term of the Policies granting that such damages are payable (as opposed to a common law principle) since the claim derives from the Policies' language.

### B.    Misapplication of Common Law

Denison also argues that in the June 24, 2024 Order, the Court misapplied controlling common law precedent regarding its ability to assert a breach of contract claim.  [Filing No. 186 at 8-15.]  The Court finds that this argument is a rehash of the arguments that the Court analyzed and rejected on summary judgment, and the Court stands on its previous analysis and ruling, which need not be repeated here.  [*See* Filing No. 177 at 60-63.]  *See Dominguez,* 612 Fed. App'x at 390 ("Motions to reconsider 'are not replays of the main event.'") (quoting *Khan,* 766 F.3d at 696); *Caisse Nationale,* 90 F.3d at 1270 (a motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments")*; ITT Educ. Servs., Inc.,* 2012 WL 266943, at *8 (arguments that the district court has already considered and rejected, and any contention that the district court "was in error on the issues it already considered[,] should be directed to the court of appeals").

9

## IV.
### CONCLUSION

In sum, the Court **GRANTS** Denison's Motion for Reconsideration, [Filing No. 185], to the extent that it reconsiders its grant of summary judgment on Denison's breach of contract claim against Indiana Insurance and finds that Denison can pursue such a claim under the language of the Indiana Insurance Policies that it identified, but that the claim still depends on the jury's determination of whether and to what extent the Underlying Action's judgment is covered under the Indiana Insurances Policies. Further, if any part is covered, Indiana Insurance—by the explicit terms of its Policies' language—is only liable for damages that are payable under the terms of the Coverage Part of the Policies.

Date: 8/30/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**