UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA INSURANCE COMPANY, | ) |
| *Cross Claimant*, | ) |
| v. | ) |
| CARL E. MOST & SON, INC., DENISON, INC., and DENISON PARKING, INC., | ) No. 1:22-cv-01822-JMS-CSW |
| *Cross Defendants*, | ) |
| DENISON, INC. and DENISON PARKING, INC., | ) |
| *Cross Claimants*, | ) |
| v. | ) |
| INDIANA INSURANCE COMPANY, | ) |
| *Cross Defendant*. | ) |

**ORDER**

Pending before the Court is Cross Claimant and Cross Defendant Indiana Insurance Company's ("Indiana Insurance") Motion for Leave to Designate Expert. [Filing No. 197.] The Motion is ripe for the Court's consideration.

**I.**
**BACKGROUND**

The following is a condensed background of the case relevant to the pending motion and is derived from both the Court's June 24, 2024 Order, [Filing No. 177], and the Court's August 30, 2024 Order, [Filing No. 192].

From 1992 to 2013, Cross Defendant Carl E. Most & Son, Inc. ("Most") provided inspection, repair, and maintenance services to Cross Defendants and Cross Claimants Denison,

Inc. and Denison Parking, Inc. (collectively, "Denison") related to parking garages owned by Denison. After a dispute arose regarding damage to a garage owned by Denison, Denison sued Most in Marion Superior Court ("the Underlying Action") and ultimately obtained a jury verdict in its favor, but only on one of its claims. Former Plaintiff Harleysville Lake States Insurance Company ("Harleysville")[1] and Indiana Insurance (collectively, the "Insurers") were commercial general liability insurers of Most. Harleysville insured Most from June 2001 through June 2008, and Indiana Insurance insured Most from June 2008 through June 2018. Both Insurers defended Most in the Underlying Action pursuant to reservations of rights.

Shortly before the Underlying Action proceeded to trial, Harleysville initiated this declaratory judgment litigation against Most, Denison, and Indiana Insurance regarding its duty to indemnify Most in connection with the Underlying Action. [Filing No. 1; Filing No. 110; Filing No. 111.] Indiana Insurance filed a declaratory judgment counterclaim against Harleysville and crossclaims against Most and Denison seeking the same relief as Harleysville. [Filing No. 25.] Denison filed counterclaims against Harleysville and crossclaims against Indiana Insurance also seeking a declaratory judgment and alleging breach of contract. [Filing No. 29; Filing No. 120.] Most filed a counterclaim against Harleysville for breach of contract. [Filing No. 70.] All parties except for Most filed Motions for Summary Judgment, which the Court ruled on in its June 24, 2024 Order. [Filing No. 130; Filing No. 131; Filing No. 152; Filing No. 177.] The Court also ruled on Denison's Motion for Reconsideration regarding one of the Court's findings in its June 24, 2024 Order. [Filing No. 185; Filing No. 192.]

---

[1] The Court granted Harleysville's Motion for Summary Judgment, such that it ended Harleysville's participation in this lawsuit on all claims. [Filing No. 177.] *See Harleysville Lake States Ins. Co. v. Carl E. Most & Son, Inc.*, 2024 WL 3105833, at *17-21 (S.D. Ind. June 24, 2024).

At a high level, the following is a summary of the Court's main rulings from the June 24, 2024 Order on the Motions for Summary Judgment and the August 30, 2024 Order on Denison's Motion for Reconsideration:

- Relating to the Motions involving Harleysville's liability, the Court found that Harleysville had no obligation to provide coverage under its Policies, thereby ending its participation in this lawsuit on all claims (declaratory judgment and breach of contract). [Filing No. 177.]

- Relating to the Motions involving Indiana Insurance's liability:

  o With respect to declaratory judgment, the Court found that there were triable issues of fact regarding whether all three requirements of its Policies were met and coverage was triggered, thereby leaving the parties' declaratory judgment claims for trial. [Filing No. 177.]

    ▪ Specifically, the Indiana Insurance Policies set forth three requirements that must be met before coverage is triggered: (1) the property damage is "caused by an 'occurrence' that takes place in the coverage territory"; (2) the property damage "occurs during the policy period"; and (3) the insured did not know that the property damage had occurred, in whole or in part (this requirement is known as the "Known Claim Exclusion"). *See Indiana Ins. Co. v. Kopetsky*, 14 N.E.3d 850, 852-53 (Ind. Ct. App. 2014) (describing the third requirement as the Known Claim Exclusion). [Filing No. 177 at 24.]

    ▪ The Court found the following with respect to each of the three requirements: (1) it is a triable issue of fact whether the Underlying Action constitutes an "occurrence" under the Indiana Insurance Policies; (2) property damage did occur during some of the earlier Indiana Insurance Policies but it remains an open issue whether property damage occurred after a certain point; and (3) the Known Claim Exclusion bars coverage under the last Policy issued by Indiana Insurance. [Filing No. 177.]

  o With respect to Denison's breach of contract theory, the Court found that Denison could pursue such a claim under the language of the Indiana Insurance Policies that it identified, but that the claim depends on the jury's determination of whether and to what extent the Underlying Action's judgment is covered under the Indiana Insurance Policies and that if any part is covered, Indiana Insurance

is only liable for damages that are payable under the terms of the Coverage Part of the Policies per the explicit terms of its Policies' language. [Filing No. 192.]

Trial is set for April 11, 2025. [Filing No. 196.] Pending before the Court is Indiana Insurance's Motion for Leave to Designate Expert. [Filing No. 197.] The most recent Case Management Plan ("CMP") in this case ordered Indiana Insurance to disclose any experts by August 18, 2023, and any rebuttal experts by October 17, 2023. [Filing No. 53 at 6.]

## II.
### DISCUSSION

Indiana Insurance argues that the Court's June 24, 2024 Order on the parties' cross motions for summary judgment helped clarify and frame the issues for trial. [Filing No. 197.] It specifically highlights this paragraph from the June 24, 2024 Order:

> The Court clarifies that, pursuant to Indiana law, Denison/Most have the burden to establish at trial that they are entitled to coverage. Further, the Court clarifies that the Policies' grants of coverage do not cover faulty work itself, but rather only "property damage" that is "caused" by unintentionally faulty work. Thus, at trial, assuming that Most's liability is due to unintentional faulty work, Denison/Most must seek to separate damages caused by the faulty work from the faulty work itself.

[Filing No. 177 at 56-57 (citations omitted).] *Harleysville Lake States Ins. Co.*, 2024 WL 3105833, at *30. Indiana Insurance seeks leave to designate its previously disclosed witness, Timothy Gregor, P.E., from Wiss Janey Elstner Associates, Inc. ("WJE"), as an expert witness to opine on the issues that the Court framed in the June 24, 2024 Order and "other issues." [Filing No. 197 at 1-2 (referencing the above quoted paragraph from the Court's June 24, 2024 Order).] It argues that Federal Rule of Civil Procedure 37(c)(1) states the standard that the Court should use in deciding the Motion—whether the failure to disclose was "substantially justified or is harmless." [Filing No. 197 at 2-3.] It asserts that the standard is met because: (1) WJE was retained by Most in the Underlying Action to provide expert testimony regarding the Plaza Garage; (2) it submitted a

report authored by WJE from the Underlying Action in its Motion for Summary Judgment in this declaratory action; (3) Mr. Gregor was previously disclosed as a witness; and (4) "there is ample time for Mr. Gregor's disclosure and for his deposition to be taken prior to" the April 11, 2025 trial date. [Filing No. 197 at 1-3.] Indiana Insurance further argues that "[t]here was no bad faith or willfulness by [Indiana Insurance] in not disclosing Mr. Gregor at an earlier date as the issues for trial were not fully framed until the Court's summary judgment order was issued." [Filing No. 197 at 3.] It states that if the Motion is granted, it will disclose, pursuant to Rule 26(a)(2)(C), Mr. Gregor's opinions within 21 days of the order. [Filing No. 197 at 2-3.]

In response, Denison argues that "[a]llowing such a belated disclosure is not only wholly unjustified, but would also prejudice Denison, which disclosed its experts with the understanding that Indiana Insurance was not presenting any and for the past sixteen months has been proceeding with that understanding."[2] [Filing No. 198 at 2.] Denison asserts that under Rule 16(b)(4) and Rule 6(b)(1)(B), Indiana Insurance must show "good cause" and "excusable neglect" in order to belatedly disclose an expert. [Filing No. 198 at 5.] It argues that Indiana Insurance has shown neither. [Filing No. 198 at 6.] It contends that "Indiana Insurance's assertion that the issues for trial were not framed until the Court's summary judgment order is wrong and contrary to the Federal Rules of Civil Procedure and this Court's CMP." [Filing No. 198 at 6.] It further argues that even if Indiana Insurance has shown good cause and excusable neglect, the Motion should

---

[2] Most also filed a Response, in which it states that "it joins in Denison's objection to Indiana Insurance's Motion for Leave to Designate Expert." [Filing No. 200.] However, Most's Response was untimely, so the Court does not consider it. *See, e.g.*, *McNair v. Bonaventura*, 46 F. App'x 849, 851 (7th Cir. 2002) (affirming a district court's rejection of an untimely response, stating that "[a] district court possess[es] great authority in managing its caseload," and "[w]e review a district court's decision not to accept an untimely response for abuse of discretion, and will intervene only when it is apparent the judge has acted unreasonably") (quotations and citations omitted). Of note, Most provided no explanation for its untimely response.

still be denied because the belated disclosure "only a few months before trial would prejudice Denison." [Filing No. 198 at 8.] It asserts that "[t]o even begin to cure the resulting prejudice," Denison should be able not only to take Mr. Gregor's expert deposition, but "also to have another opportunity to designate a rebuttal expert and to revisit its final witness and exhibits lists, as well as to file any necessary *Daubert* motions or motions in limine with respect to Mr. Gregor's intended trial testimony." [Filing No. 198 at 9-10.] It notes, however, that "[a]ll of this could jeopardize the looming trial of this matter, which has already been continued once—thus causing additional prejudice to Denison in the form of even more delays." [Filing No. 198 at 10.]

In reply, Indiana Insurance reiterates its argument that the appropriate standard is "substantially justified or harmless" as set forth in Rule 37(c). [Filing No. 199 at 2 (citing cases stating that the deadlines of Rule 26 are enforced through Rule 37).] It contends that its late disclosure is substantially justified in light of the Court's framing of the issues for trial in the June 24, 2024 Order, and harmless because Denison has been aware of Mr. Gregor and the WJE report since the beginning of the case and can depose Mr. Gregor. [Filing No. 199 at 3-4.]

### A.     Appropriate Standard

The Court turns first to the parties' arguments regarding which standard applies to Indiana Insurance's Motion for Leave to Designate Expert. The Court makes quick work of this issue because similar cases in this Circuit confirm that Rule 37 and its standard of "substantially justified or harmless" is the enforcement mechanism for belated disclosure issues under Rule 26(a), like the issue here.

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. It provides in relevant part that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702 [(Testimony by Expert

Witnesses)], 703, or 705." "To ensure compliance with" the disclosure requirements set forth in Rule 26, Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) [(required disclosures)] or (e) [(supplemental disclosures and responses)], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."³ *David v. Caterpillar, Inc.*, 324 F.3d 851, 856-57 (7th Cir. 2003) (applying the standard set forth in Rule 37 to a party's failure to comply with Rule 26(a) disclosure requirements); *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 94 F.4th 588, 603 (7th Cir. 2024) (applying the standard set forth in Rule 37 to a belated disclosure of a supplemental export report required under Rule 26(e)); *Boston Scientific Corp. v. Cook Group Inc.*, 653 F. Supp. 3d 541, 553, 555 (S.D. Ind. 2023) (applying Rule 37 to determine the outcome of a Rule 26(a) non-disclosure issue).

The cases cited above confirm that Rule 37 and its standard of "substantially justified or harmless" is the appropriate standard for Rule 26(a) non-disclosure issues. In fact, courts in this Circuit have rejected Denison's exact argument regarding Rule 16(b)(4) and Rule 6(b)(1)(B). *Coleman v. W. Bend Mut. Ins. Co.*, 2022 WL 18530886, at *6 (N.D. Ind. Dec. 13, 2022) (rejecting the argument that Rule 16(b)(4)'s standard of showing "good cause" for modification of a court's scheduling order and Rule 6(b)(1)(B)'s standard of "excusable neglect" for modifying a court's scheduling order after the deadline expires apply to a Rule 26 non-disclosure issue, and instead applying Rule 37's standard of "substantially justified or [] harmless," stating "the deadlines in Rule 26 are enforced through Rule 37") (citing *Finwall v. City of Chi.*, 239 F.R.D. 494, 501 n.5

---

³ Rule 26(a)(2)(C) requires a party to disclose the identity of any expert witnesses and to provide their expert reports "at the times and in the sequence that the court orders." The most recent CMP in this case ordered Indiana Insurance to make expert disclosures by August 18, 2023, with rebuttal expert witnesses by October 17, 2023. [Filing No. 53 at 6.] Rule 26(e) addresses a party's obligations to supplement discovery; it is not at issue.

(N.D. Ill. 2006) (stating that "there is a precise standard woven into Rule 37(c)(2) which would trump Rule 6.")).

The Court therefore proceeds to examine whether Indiana Insurance's failure to disclose Mr. Gregor as an expert witness as required under Rule 26(a)(2) was "substantially justified or is harmless" such that Indiana Insurance may be allowed to use Mr. Gregor as an expert witness at trial. Fed. R. Civ. P. 37(c)(1).

B. Rule 37(c)

"Under Rule 37, the sanction for failure to disclose is automatic and mandatory unless the sanctioned party can show its violation was either justified or harmless." *Chicago Joe's Tea Room, LLC*, 94 F.4th at 603 (citing *David*, 324 F.3d at 857); *Johnson v. C. R. Bard, Inc.*, 77 F.4th 641 646 (7th Cir. 2023). "'[T]he determination of whether a Rule 26(a) violation is justified or harmless [under Rule 37(c)(1)] is entrusted to the broad discretion of the district court.'" *David*, 324 F.3d at 857 (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996)); *see also Salgado ex rel. Salgado v. General Motors Corp.*, 150 F.3d 735, 739 (7th Cir. 1998) (stating that a district court's ruling to exclude evidence for noncompliance with Rule 26(a) is reviewed for an abuse of discretion and "[u]nder this standard, [the Seventh Circuit] shall affirm the judgment of the district court whenever [it] believe[s] that the district court chose an option that was among those from which [it] might expect a district court reasonably to choose").

"A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *David*, 324 F.3d at 857 (quotation and citation omitted). However, the Seventh Circuit has indicated that the following factors should guide the district court's discretion in determining whether disclosure is harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party

to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (citations omitted). This is a fact-intensive and case-specific inquiry. *See id.*

In this case, the belated disclosure is neither substantially justified nor harmless. Indiana Insurance relies on the Court's June 24, 2024 Order on the parties' cross-motions for summary judgment, asserting that it clarified the issues in this case, which were not previously apparent. [Filing No. 197.] Specifically, Indiana Insurance points to the following excerpt from the Order:

> The Court clarifies that, pursuant to Indiana law, Denison/Most have the burden to establish at trial that they are entitled to coverage. Further, the Court clarifies that the [Indiana Insurance] Policies' grants of coverage do not cover faulty work itself, but rather only "property damage" that is "caused" by unintentionally faulty work. Thus, at trial, assuming that Most's liability is due to unintentional faulty work, Denison/Most must seek to separate damages caused by the faulty work from the faulty work itself.

[Filing No. 177 at 56-57 (citations omitted).] *Harleysville Lake States Ins. Co.*, 2024 WL 3105833, at *30.

While the Court recognizes that this is a complex case, the above paragraph pertains to Denison's and Most's burden to establish and distinguish damages caused by faulty work and the faulty work itself, as required by Indiana Insurance's Policies. It does not implicate Indiana Insurance nor clarify any burden on behalf of Indiana Insurance in establishing damages. Moreover, Indiana Insurance has been aware of its Policies' language and requirements since this litigation began over six years ago with the Underlying Action in 2018. Indiana Insurance also disclosed Mr. Gregor as an expert witness in the Underlying Action, signaling its longstanding awareness of his relevance. Allowing Indiana Insurance to introduce Mr. Gregor as an expert so close to trial in a case that was filed in this Court in September 2018 to opine on evidence of

damages caused by faulty work as opposed to damages from faulty work itself when the separation of such damages is provided for in its own Policies' language is not substantially justified.

The late disclosure is also not harmless under the factors outlined in *David*: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." 324 F.3d at 857 (citations omitted).

Denison faces significant prejudice and surprise given the sixteen-month lapse since the expert disclosure deadline, the six-month gap since the June 24, 2024 Order, and the mere three-month window until trial. Denison has prepared its case based on the expectation that Indiana Insurance would not present expert testimony. Although theoretically curable by allowing Denison to depose Mr. Gregor and name a rebuttal expert, such measures would disrupt the trial schedule, previously rescheduled once already, and strain the Court's busy docket. While Indiana Insurance's actions do not appear to amount to bad faith, its delayed motion—filed five months after the Order it contends prompted the Motion and four months pre-trial—suggests at least a potential for willfulness. In any event, even the complete absence of bad faith and willfulness would not outweigh the overwhelming prejudice and disruption posed by the disclosure.

The cases cited by Indiana Insurance to argue that the disclosure is both substantially justified and harmless fail to persuade the Court. This inquiry is inherently fact-intensive and case-specific, and Indiana Insurance's reliance on the cases cited does not align with the unique facts of this case. Mr. Gregor may not testify as an expert witness in this case, but he may still testify as a fact witness as originally disclosed by Indiana Insurance.

In short, the Court is not persuaded that Indiana Insurance's late disclosure of Mr. Gregor as an expert is either substantially justified or harmless such that the rule of exclusion in Rule 37(c)

is overcome. Indiana Insurance's Motion for Leave to Designate Expert is **DENIED**. [Filing No. 197.]

### III.
#### CONCLUSION

The Court **DENIES** Indiana Insurance's Motion for Leave to Designate Expert, [197].

Date: 1/23/2025

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**